IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRI Q. ON, | ) | 8:11CV282 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION** |
| v. | ) | **UNDER 28 U.S.C. § 2254 FOR** |
| | ) | **WRIT OF HABEAS CORPUS BY A** |
| ROBERT HOUSTON, | ) | **PERSON IN STATE CUSTODY** |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1) to determine whether the claims made by the petitioner, Tri Q. On, are, when liberally construed, potentially cognizable in federal court. Tri Q. On has made two claims.

Condensed and summarized for clarity, the claims asserted by Tri Q. On are:

Claim One: he was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel failed to: (1) challenge the legality of his signature on the "Consent to Search Form"; (2) challenge the detention of him "beyond conclusion of the traffic stop"; (3) challenge the legality of questioning the passenger in his car; (4) adequately prepare for the motion to suppress hearing; (5) introduce his "Medical Marijuana License," "numerous Casino account transaction sheets," work history, and credit card statements at trial; (6) object to evidence seized on "Fourth and Fourteenth Amendment" grounds; and (7) obtain an interpreter for him at trial.

> Claim Two: he was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his appellate counsel failed to: (1) assign as error and argue on direct appeal all of the issues in Claim One; (2) assign as error and argue on direct appeal that there was insufficient evidence to support a conviction or for probable cause; (3) assign as error and argue on direct appeal that a due process violation occurred when he did not have an interpreter during trial and at pretrial proceedings; (4) have an interpreter present to discuss appellate issues with him; (5) communicate with him regarding the appeal; and (6) file a petition for further review.

Liberally construed, the court preliminarily decides that both of Tri Q. On's claims are potentially cognizable in federal court. However, I caution Tri Q. On that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent him from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), I preliminarily determine that Tri Q. On's claims, as set forth in this Memorandum and Order on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, are potentially cognizable in federal court.

2. The clerk of the court is directed to mail copies of this memorandum and

order and the petition to the respondents and the Nebraska Attorney General by regular first-class mail.

3. By **November 7, 2011**, the respondent shall file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: November 7, 2011: deadline for the respondent to file state court records in support of answer or motion for summary judgment.

4. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and Tri Q. On:

> A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.
>
> B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."
>
> C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon Tri Q. On *except* that the respondent is only required to provide Tri Q. On with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Tri Q. On, Tri Q. On may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the

cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Tri Q. On shall file and serve a brief in opposition to the motion for summary judgment. He shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Tri Q. On's brief, the respondent may file and serve a reply brief. In the event that the respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.

5.    If the respondent elects to file an answer, the following procedures shall be followed by the respondent and Tri Q. On:

    A.    By **November 7, 2011**, the respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, [Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*](). Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

    B.    No later than 30 days after the filing of the relevant state court

4

records, the respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Tri Q. On's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, [Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*](#).

C. Copies of the answer, the designation, and the respondent's brief shall be served upon Tri Q. On at the time they are filed with the court *except* that the respondent is only required to provide Tri Q. On with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by Tri Q. On, Tri Q. On may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the respondent's brief, Tri Q. On may file and serve a brief in response. Tri Q. On shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Tri Q. On's brief, the respondent may file and serve a reply brief. In the event that the

      respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 7, 2011**: check for the respondent to file an answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated September 27, 2011.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge

6