IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRI Q. ON, | ) | 8:11CV282 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON PETITION** |
| v. | ) | **UNDER 28 U.S.C. § 2254 FOR** |
| | ) | **WRIT OF HABEAS CORPUS BY A** |
| ROBERT HOUSTON, | ) | **PERSON IN STATE CUSTODY** |
| | ) | |
| Respondent. | ) | |

This matter is before me on Tri Q. On's ("On") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Filing No. 1.) The respondent filed a Motion for Summary Judgment (filing no. 12), a Brief in Support of Motion for Summary Judgment (filing no. 13), the Designation of State Court Records in Support of Motion for Summary Judgment (filing nos. 11 and 18), an Affidavit in Support of Respondents' (sic) Motion for Summary Judgment (filing no. 17), and a Reply Brief in Support of Motion for Summary Judgment (filing no. 19). The petitioner, On, filed a Response to the Motion for Summary Judgment. (Filing No. 16.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of On's petition, he asserts the following claims:

> Claim One:   On was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his trial counsel failed to: (1) challenge the legality of On's signature on the "Consent to Search Form"; (2) challenge the detention of him "beyond conclusion of the traffic stop"; (3) challenge the legality of questioning the passenger in his car; (4) adequately prepare for the motion to suppress hearing; (5) introduce his "Medical Marijuana License," "numerous Casino account transaction sheets," work

>>history, and credit card statements at trial; (6) object to evidence seized on "Fourth and Fourteenth Amendment" grounds; and (7) obtain an interpreter for him at trial ("Claim One").

>Claim Two: On was denied the effective assistance of counsel in violation of the Sixth Amendment *because* his appellate counsel failed to: (1) assign as error and argue on direct appeal all of the issues in Claim One; (2) assign as error and argue on direct appeal that there was insufficient evidence to support a conviction or for probable cause; (3) assign as error and argue on direct appeal that a due process violation occurred when On did not have an interpreter during trial and at pretrial proceedings; (4) have an interpreter present to discuss appellate issues with him; (5) communicate with him regarding the appeal; and (6) file a petition for further review ("Claim Two").

(Filing No. 1, together, the "Habeas Claims.")

## BACKGROUND

On February 22, 2010, a jury found On guilty of one count of possession with intent to deliver marijuana and one count of possession of money to facilitate the unlawful possession with intent to deliver marijuana. (Filing No. 18-1 at CM/ECF p. 9.) The Douglas County, Nebraska District Court thereafter sentenced On to serve a prison term of 2-4 years on the drug possession conviction and 20-36 months[1] on

---

[1]While the parties agree that the sentence on the money possession conviction was 20-36 months, the trial transcript shows that the sentence imposed was 20-48 months. (Filing No. 18-1 at CM/ECF p. 14.) This discrepancy in the record has no effect on the findings set forth in this memorandum and order.

the money possession conviction. (Filing No. 11-5 at CM/ECF p. 1.) On filed a timely direct appeal, in which he raised, among other things, Claim One, Part 6. (Filing No. 11-3 at CM/ECF pp. 1-16.) On's direct appeal counsel was different from his trial counsel. (Filing No. 11-3 at CM/ECF p. 16; Filing No. 11-5 at CM/ECF pp. 9, 13.) The Nebraska Court of Appeals affirmed the convictions and sentences on December 8, 2010, issuing a lengthy memorandum opinion. (Filing No. 11-1 at CM/ECF pp. 1-9.) On did not file a petition for further review with the Nebraska Supreme Court. (Filing No. 11-2 at CM/ECF p. 2.)

On did not file any request for post-conviction relief in Nebraska state court. (Filing No. 11-5 at CM/ECF pp. 1-13; Filing No. 11-6 at CM/ECF p. 1.) However, On filed his petition in this court on August 16, 2011. (Filing No. 1.) On was discharged from parole on January 2, 2012, and is not in custody by the State of Nebraska. (Filing No. 17-1 at CM/ECF p. 1.)

## *ANALYSIS*

### *I.     Standards for Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that–

    (A)   the applicant has exhausted the remedies available in the courts of the state; or

    (B)   (I)   there is an absence of available state corrective process; or
          (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

3

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1; *see also Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) ("[The petitioner] technically has exhausted his state remedies for the claims raised

4

in his state postconviction petition, because it is clear that there is no state-law remedy still available. . . . But he has not exhausted them properly; as a consequence of his failure to seek further review in the state supreme court, the claims are procedurally defaulted.") (citation omitted).

Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In addition, Nebraska law states that post-conviction relief is only available to an individual in actual physical custody, on parole, or on probation under a Nebraska sentence. *State v. York*, 770 N.W.2d 614, 618 (Neb. 2009). In such circumstances, a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). Again, even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

## II.   On's Habeas Claims

As set forth above, On filed a timely direct appeal, in which he raised Claim One, Part 6. (Filing No. 11-3 at CM/ECF pp. 1-16.) However, he did not raise any of the remaining parts of Claim One on direct appeal. (*Id.*) In addition, after the Nebraska Court of Appeals affirmed the convictions and sentences on December 8, 2010, On did not file a petition for further review with the Nebraska Supreme Court. (Filing No. 11-2 at CM/ECF p. 2.) Thus, On failed to invoke "one complete round" of the Nebraska appellate review process for any part of Claim One.

On's Claim Two relates entirely to the ineffective assistance of his direct appeal counsel. (Filing No. 1.) Thus, On could only have raised Claim Two in a state post-conviction action. As set forth above, On did not file any request for post-conviction relief in Nebraska state court. (Filing No. 11-5 at CM/ECF pp. 1-13; Filing No. 11-6 at CM/ECF p. 1.) Rather, he filed his petition in this court on August 16, 2011. (Filing No. 1.) On has now been released from physical custody and released from parole, and therefore can no longer file a request for state post-conviction relief. *York*, 770 N.W.2d at 618.

In short, On did not exhaust Claim One on direct appeal and did not exhaust Claim Two through post-conviction proceedings. By virtue of both his release from custody and his inability to file claims in a post-conviction motion that he could have raised on direct appeal, On is now barred from presenting these claims to the Nebraska state courts. *Id.*; *see also Hall*, 646 N.W.2d at 579. As such, On's Habeas Claims are procedurally defaulted and the court cannot reach the merits of these claims unless On demonstrates cause and prejudice excusing the default.

### III.   *Cause and Prejudice*

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

The record has been carefully reviewed in this matter. Liberally construed, On does not argue cause and prejudice to excuse his procedural default. (Filing No. 16.) Instead, On argues that, at the time he filed his petition on August 16, 2011, he was planning on being released from Nebraska custody and determined that a post-conviction motion "would be ineffective." (*Id.* at CM/ECF p. 6.) Indeed, at the time On filed his petition, he had already determined that, due to the timing, "it would be futile" to file a post-conviction action because such a proceeding takes, on average, "6 to 9 months." (Filing No. 1 at CM/ECF pp. 6-7.)

As best as I can tell, On's statements regarding the timing of post-conviction proceedings in Douglas County District Court are nothing more than a guess. I do not know whether On's unsupported guess that the Douglas County District Court would not have adjudicated his post-conviction claims prior to his release is realistic. (Filing No. 16 at CM/ECF p. 6.) Regardless, even if filing a post-conviction motion in August would have been futile, On does not account for the time between the conclusion of his direct appeal and the filing of the petition. Indeed, more than eight months passed between the conclusion of On's direct appeal on December 10, 2010, and the filing of the petition on August 16, 2011. (Filing Nos. 1 and 16.) Thus, On had more than a year *prior to* his January 2, 2012, release date in which to file a post-conviction action, but simply chose not to do so.[2]

Put simply, On had ample opportunity to exhaust his claims in state court, and chose instead to file his petition in this court. Certainly, this calculated choice to wait until his release date was imminent before taking action on his habeas claims is not "external" to On, but a situation exclusively of his own making. As such, On has failed to demonstrate cause and prejudice to excuse the procedural default of his

---

[2]On states that he was not aware of the conclusion of direct review until approximately May 2011. (Filing No. 1 at CM/ECF p. 6.) Even assuming this statement is true, On still had eight months in which to file a post-conviction motion, but chose not to do so.

habeas claims, and the petition is dismissed.

IT IS THEREFORE ORDERED that:

1. The respondent's Motion for Summary Judgment (filing no. 12) is granted. Tri Q. On's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this memorandum and order.

Dated May 14, 2012.

BY THE COURT

*Warren K. Urbom*

Warren K. Urbom
United States Senior District Judge