IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRI Q. ON, | ) | 8:11CV282 |
| | ) | |
| Petitioner, | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON MOTION FOR** |
| v. | ) | **CERTIFICATE OF** |
| | ) | **APPEALABILITY AND MOTION** |
| ROBERT HOUSTON, | ) | **AND AFFIDAVIT FOR LEAVE TO** |
| | ) | **PROCEED IN FORMA PAUPERIS** |
| Respondent. | ) | **ON APPEAL** |

This matter is before me on Tri Q. On's, Motion for Certificate of Appealability.  (Filing No. 25.)  As set forth below, the motion is denied.

The petitioner, Tri Q. On, ("On") filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on August 16, 2011, asserting claims relating to his convictions for possession with intent to deliver marijuana and possession of money to facilitate the unlawful possession with intent to deliver marijuana.  (Filing No. 1.)  On May 14, 2012, I dismissed On's claims and entered judgment in favor of the respondent.  (Filing Nos. 20  and 21.)  On thereafter filed a timely Notice of Appeal.  (Filing No. 22.)

## I.    *Motion for Leave to Appeal In Forma Pauperis*

Also pending before me is On's Motion and Affidavit for Leave to Proceed in Forma Pauperis.  (Filing No. 23.)  Pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering On's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis on appeal will be granted and On is relieved from paying the appellate filing fee at this time.

**II.      *Motion for Certificate of Appealability***

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph(2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

After careful review of the record and On's Motion for Certificate of Appealability, the court finds that On has failed to demonstrate that reasonable jurists would find my ruling debatable or wrong. For the reasons stated in my May 14, 2012, Memorandum and Order on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (filing no. 20), which dismissed On's habeas claims as procedurally defaulted, I decline to issue a certificate of appealability.

IT IS THEREFORE ORDERED that:

1.      On's Motion and Affidavit for Leave to Proceed in Forma Pauperis on Appeal (filing no. 23) is granted.

2.      On's Motion for Certificate of Appealability (filing no. 25) is denied without prejudice to reassertion before the Eighth Circuit.

3.      The clerk of the court shall provide the Court of Appeals a copy of this memorandum and order.

Dated June 25, 2012.

                         BY THE COURT

                         _Warren K. Urbom_

                         Warren K. Urbom
                         United States Senior District Judge

_____

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.